T.C. Memo. 2005-149

UNITED STATES TAX COURT

THOMAS B. HAWKINS AND LEANNA L. HAWKINS, DECEASED,
THOMAS B. HAWKINS, SUCCESSOR IN INTEREST, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18450-02.          Filed June 23, 2005.

<u>Douglas A. MacDonald</u>, for petitioners.

<u>Kathryn K. Vetter</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$194,743[1] in petitioners' 1998 Federal income tax.  After the
stipulation to be bound,[2] the issues for decision are whether

_____

[1]  All amounts are rounded to the nearest dollar.

[2]  Petitioners argued on brief that they could exclude from
(continued...)

petitioners may exclude from gross income pursuant to section 104(a)(2)[3] a portion of the amount received by petitioner Leanna Hawkins from Merchants National Bank (Merchants) and whether respondent is precluded from determining the deficiency because respondent previously issued a notice of deficiency and a closing letter to petitioners for 1998.

Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner Thomas Hawkins resided in Sacramento, California, when petitioners filed their petition in this case.

Leanna Hawkins (petitioner) worked for Merchants for approximately 13 years. Petitioner resigned from Merchants and filed suit against Merchants and others in the U.S. District Court for the Eastern District of California. Petitioner

---

[2](...continued)
gross income the portion of Leanna Hawkins's jury award used to pay her attorney's contingent fee. Petitioners and respondent entered into a stipulation to be bound on this issue by the U.S. Supreme Court's decision in Commissioner v. Banks, 543 U.S. ___, 125 S. Ct. 826 (2005). The Supreme Court held that generally, to the extent a litigant's recovery includes income, that income includes the portion of recovery that constitutes an attorney's contingent fee. Id. Therefore, petitioners must include Leanna Hawkins's attorney's contingent fee in gross income.

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

alleged, inter alia, that petitioner was discharged due to sex discrimination under title VII of the Federal Civil Rights Act of 1964 and age discrimination under the California Fair Employment and Housing Act (FEHA). The jury returned a special verdict on October 13, 1995, awarding $703,000 compensatory damages for "intentional discrimination based upon gender or age, or negligent infliction of emotional distress" and $703,000 punitive damages.

Merchants appealed the District Court judgment to the U.S. Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the portion of the judgment for compensatory damages for constructive discharge under title VII and FEHA. The court reversed the punitive damages portion of the judgment.

Merchants paid petitioner and her attorneys $996,130 for the judgment, legal fees, and court costs by a check dated March 13, 1998 (Merchants award). Merchants also paid petitioner and her attorneys $29,385 of interest per court order (award interest). The attorneys who represented petitioner in her case against Merchants advised petitioners that half of the jury award was not taxable.

On their 1998 Federal income tax return, petitioners reported the $1,025,515 received from Merchants. Petitioner then subtracted $417,092 for "Attorney Fees not deducted from above" to arrive at "Net amount received by taxpayers" of $608,423.

From the net amount, petitioners then subtracted $304,212 as the "portion deemed non-taxable (50%)". The remaining $304,211 is listed as the "Taxable portion of Merchant's Bank Settlement".

In a notice dated August 2, 2000, respondent proposed a $304,212 increase to income on petitioners' 1998 Federal income tax return. Petitioners did not agree with the proposed addition to income. On April 18, 2001, respondent issued a notice of deficiency and determined a $700 increase in petitioners' income and a $285 deficiency.

On May 8, 2001, respondent sent a letter to petitioners advising them that the "proposed notice" was incorrect and stating "damages for emotional distress may not be treated as damages on account of a personal physical injury." On August 29, 2001, respondent sent petitioners a "closing letter" that stated respondent was able to "clear up the differences between your records and your payors' records. * * * You won't need to file a petition with the United States Tax Court to reconsider the tax you owe."

Respondent sent petitioners a letter dated October 25, 2001, that stated their 1998 Federal income tax return was open for examination and that "The primary purpose of the examination is to review the lawsuit settlement paid to Leanna Hawkins in 1998." Respondent sent petitioners a letter dated January 2, 2002, that stated "The law requires us to notify taxpayers in writing if we

need to reexamine their books and records after examining them previously. Because information that may affect your tax liability has been developed since we last examined your books and records, please make them available to us for reexamination." The letter was signed by Bill Marx, the acting territory manager for the Large and Mid-Size Business Division.

On August 28, 2002, respondent issued a notice of deficiency that determined a $194,743 deficiency in petitioners' income tax for 1998.

## Discussion

### Exclusion Pursuant to Section 104(a)(2)

Respondent determined that none of the Merchants award was excludable pursuant to section 104(a)(2). Petitioners challenge respondent's determination.

As a general rule, the Internal Revenue Code imposes a Federal tax on the taxable income of every individual. Sec. 1. Section 61(a) specifies that, "Except as otherwise provided", gross income for purposes of calculating such taxable income means "all income from whatever source derived". The Supreme Court has long reiterated the sweeping scope of section 61. Commissioner v. Schleier, 515 U.S. 323, 327 (1995); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-431 (1955).

Section 104, in contrast, provides an exception with respect to compensation for injuries or sickness. Such exclusions from

gross income are construed narrowly. <u>Commissioner v. Schleier</u>, <u>supra</u> at 328; <u>United States v. Burke</u>, 504 U.S. 229, 248 (1992) (Souter, J., concurring in judgment). Before its amendment on August 20, 1996, by the Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, sec. 1605, 110 Stat. 1838, section 104 read in pertinent part as follows (pre-SBJPA section 104):

> SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.
>
> (a) In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include--
>
> \* \* \* \* \* \* \*
>
> (2) the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness;

The reference to personal injuries in this former version of the statute did not include purely economic injuries but did embrace "nonphysical injuries to the individual, such as those affecting emotions". <u>United States v. Burke</u>, <u>supra</u> at 235 n.6, 239.

The SBJPA then amended section 104, as relevant here, to provide (post-SBJPA section 104):

> SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.
>
> (a) In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include--

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

> (2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

> &ast; &ast; &ast; For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness. The preceding sentence shall not apply to an amount of damages not in excess of the amount paid for medical care &ast; &ast; &ast; attributable to emotional distress.

The legislative history accompanying passage of the SBJPA clarifies that "the term emotional distress includes symptoms (e.g., insomnia, headaches, stomach disorders) which may result from such emotional distress." H. Conf. Rept. 104-737, at 301 n.56 (1996), 1996-3 C.B. 741, 1041. Post-SBJPA section 104 is generally effective for amounts received after August 20, 1996, in tax years ending after such date. SBJPA sec. 1605(d), 110 Stat. 1839.

Petitioners assert that petitioner suffered physical sickness and injury in the form of emotional distress and that a portion of the damages award should be excluded from their gross income. The language of section 104(a)(2) and the accompanying legislative history make clear that damages for emotional distress and resultant symptoms are not excluded from gross income by section 104(a)(2).

Petitioners request that the Court apply pre-SBJPA section 104. SBJPA section 1605(d)(1) provides that the amendments made by SBJPA section 1605 shall apply to amounts received after the date of the enactment of the SBJPA, i.e., August 20, 1996, in taxable years ending after such date. SBJPA section 1605(d)(2) provided an exception to this rule for amounts received under a written binding agreement, court decree, or mediation award in effect on (or issued on or before) September 13, 1995. Accordingly, post-SBJPA section 104 applies to amounts received after its effective date unless they come within that exception.

Here, a court decree was not issued until on or after October 13, 1995, the date of the jury verdict. Petitioner's situation therefore fails to satisfy the requirements for relief under SBJPA section 1605(d)(2). In that event, SBJPA section 1605(d)(1) unambiguously makes the section 104 amendments applicable to the situation at hand. Therefore, petitioners may not exclude any of the damages award from gross income as an award for physical injury or physical sickness.

Merchants also paid award interest to petitioners. This payment was for interest accrued on the Merchants award not on account of physical injury or physical sickness. Accordingly, petitioners cannot exclude the interest portion of the award from gross income under section 104(a)(2). Aames v. Commissioner, 94 T.C. 189, 193 (1990).

Second Notice of Deficiency

Petitioners assert that their case was closed and cannot be reopened because respondent has not satisfied the policy section of Rev. Proc. 94-68, 1994-2 C.B. 803.  Respondent's procedural rules for reopening cases closed after examination are set forth in Rev. Proc. 94-68, supra.  The Internal Revenue Service's policy is not to reopen a closed case to make an adjustment unfavorable to the taxpayer unless:

> (1) there is evidence of fraud, malfeasance, collusion, concealment, or misrepresentation of a material fact;
> (2) the prior closing involved a clearly defined substantial error based on an established Service position existing at the time of the previous examination; or
> (3) other circumstances exist that indicate failure to reopen would be a serious administrative omission.

Id. sec. 5.01, 1994-2 C.B. at 804.

Petitioner alleges that respondent's decision to reopen the case does not satisfy any of the above criteria.  Procedural rules such as Rev. Proc. 94-68, supra, are merely directory, not mandatory, "and compliance with them is not essential to the validity of a notice of deficiency."  Luhring v. Glotzbach, 304 F.2d 560, 563 (4th Cir. 1962); accord Cleveland Trust Co. v. United States, 421 F.2d 475, 481-482 (6th Cir. 1970); Geurkink v. United States, 354 F.2d 629, 632 (7th Cir. 1965); Cataldo v. Commissioner, 60 T.C. 522, 523 (1973), affd. 499 F.2d 550 (2d Cir. 1970); Flynn v. Commissioner, 40 T.C. 770, 773 (1963); Miller v. Commissioner, T.C. Memo. 2001-55. Furthermore, the

evidence does not persuade us that respondent's action was beyond the permissible limits of Rev. Proc. 94-68 regardless of whether he based his decision to reopen petitioner's 1998 case upon Rev. Proc. 94-68, sec. 5.01(2) or (3).

Petitioner asserts that respondent is precluded from performing a second inspection of petitioner's records under section 7605(b). Section 7605(b) provides:

> SEC. 7605(b). Restrictions on Examination of Taxpayer.--
>
> No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

The purpose of section 7605(b) is not to limit the number of examinations, but to shift the discretion for a reexamination of the taxpayer's books to higher management personnel from the field agent; this serves "to emphasize the responsibility of agents to exercise prudent judgment in wielding the extensive powers granted to them by the Internal Revenue Code." United States v. Powell, 379 U.S. 48, 56 (1964); Miller v. Commissioner, supra. Section 7605(b) was not meant to restrict the scope of respondent's legitimate power to protect the revenue. Section 7605(b) is not to be read so broadly as to defeat the powers granted to respondent to examine the correctness of a taxpayer's return. See De Masters v. Arend, 313 F.2d 79, 87 (9th Cir.

1963).  Delegation Order No. 57 (Rev. 9) (Oct. 2, 2000) delegates authority to sign written notification of a second inspection to various Internal Revenue Service officials, including Large and Mid-Size Business Division territory managers.

Here, respondent sent petitioners a letter signed by Bill Marx, the acting Large and Mid-Size Business Division territory manager, dated January 2, 2002.  The letter notified petitioners that respondent intended to reexamine their books and records because "information that may affect your tax liability has been developed since we last examined your books and records".  Respondent has complied with the requirements of section 7605(b) that the taxpayer be notified in writing that an additional inspection is necessary.  Therefore, respondent was not precluded from reexamining petitioners' records for 1998 and issuing a second notice of deficiency.

Section 6212(c)(1) states that respondent "shall have no right to determine any additional deficiency of income tax for the same taxable year * * * except in the case of fraud" if respondent has mailed a notice of deficiency under section 6212(a) "and the taxpayer files a petition with the Tax Court within the time prescribed".  Hemmings v. Commissioner, 104 T.C. 221, 226-228 (1995).

We find that the second notice of deficiency, dated August 28, 2002, for petitioners' 1998 tax year, is not precluded under

section 6212(c)(1).  Respondent issued a notice of deficiency on April 18, 2001, for petitioners' 1998 tax year.  Petitioners, however, had not filed a Tax Court petition with respect to the first notice of deficiency prior to respondent's issuing the second statutory notice.  Under these circumstances, section 6212(c)(1) did not preclude respondent from issuing a second notice of deficiency.

Petitioners argue that the August 29, 2001, "closing letter" specifically instructed petitioners not to petition the Court.  We note that the first notice of deficiency is dated April 18, 2001, and lists the final date to petition the Court as July 17, 2001.  The "closing letter" is dated August 29, 2001.  Therefore, petitioners could not have relied upon the "closing letter" in deciding not to petition the Court because the "closing letter" is dated after the last day petitioners could have filed a petition with the Court.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.