T.C. Memo. 2007-295

UNITED STATES TAX COURT

PAUL E. BALLMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11370-05.          Filed September 27, 2007.

<u>Derek L. Tabone</u>, for petitioner.

<u>Ron S. Chun</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This petition arises from petitioner Paul E.
Ballmer's receipt of $337,122.53 in the 2001 tax year from a
lawsuit he filed against the California Franchise Tax Board
(FTB).  Respondent determined a deficiency of tax of $109,215, an

addition to tax under section 6651(a)(1)[1] of $27,303.75, and an addition to tax under section 6654(a) of $4,364.63 for petitioner's 2001 tax year. Respondent has conceded the allowance of a miscellaneous deduction for the attorney's fees petitioner incurred as part of his litigation against the FTB. After concessions, the issues for decision are:

(1) Whether $337,122.53 received by petitioner in 2001 pursuant to a jury award is gross income that may be excluded under section 104(a)(2). We hold that the award is gross income and is not excluded.

(2) Whether petitioner is liable for an addition to tax under section 6651(a)(1) for the 2001 tax year. We hold that he is.

(3) Whether petitioner is liable for an addition to tax under section 6654(a) for the 2001 tax year. We hold that he is not.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and related exhibits are incorporated herein by this reference. Petitioner lived in Los Angeles, California, at the time his petition was filed.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In 1997, petitioner filed a complaint in the Los Angeles County Superior Court against the FTB. Petitioner alleged that the FTB violated the California Information Practices Act of 1977, Cal. Civ. Code secs. 1798.1, et seq. This Act provides a legal remedy, including the award of damages for mental suffering and emotional distress, to an individual harmed by a violation.

Petitioner's lawsuit was tried before a jury, and in April 2001, the jury awarded petitioner $250,000 in damages for emotional distress. Petitioner was also awarded costs of $4,165.68 and attorney's fees of $78,450. On July 20, 2001, the FTB issued a check to petitioner in the amount of $337,122.53, which included the $332,615.68 reflected in the judgment as well as $4,506.85 of postjudgment interest.

In addition to the proceeds from the lawsuit, petitioner received payments for Social Security benefits in 2001 totaling $7,128. Petitioner did not file any Federal income tax return for 2001, nor has he filed a return for any of the taxable years 1986 through 2003. For some of these years, respondent prepared substitutes for returns and sought to collect the determined tax liabilities from petitioner.

Petitioner testified that he had reviewed the Internal Revenue Code for many years and could find nothing that made him liable for Federal taxes or required him to file a return. Petitioner further testified that he did not believe that the

amount he received from the FTB was income.  Petitioner did not, however, seek advice from any tax professionals with respect to these conclusions.

Respondent issued a notice of deficiency to petitioner on March 16, 2005.  Respondent adjusted petitioner's income to include the $337,122.53 received from the FTB and determined a deficiency of $109,215.  Respondent also asserted an addition to tax under section 6651(a)(1) of $27,303.75, as well as an addition to tax under section 6654(a) of $4,364.63.

OPINION

## I.   Unreported Income

The Commissioner's determinations of deficiencies in tax generally are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Durando v. United States, 70 F.3d 548, 550 (9th Cir. 1995).  The U.S. Court of Appeals for the Ninth Circuit, to which an appeal of this case would lie, has held that in order for the presumption of correctness to attach to the notice of deficiency in unreported income cases, the Commissioner must establish some evidentiary foundation "demonstrating that the taxpayer received unreported income."  Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982).  Once there is some evidence, as there is here, that the taxpayer received unreported income, the burden shifts to the

taxpayer to prove that all or part of those funds is not taxable. Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97. Accordingly, petitioner bears the burden of proof. See Rule 142(a).

Section 61(a) provides that gross income includes all income from whatever source derived. Section 61(a) broadly applies to any accession to wealth, and statutory exclusions from income are narrowly construed. See Commissioner v. Schleier, 515 U.S. 323, 327 (1995); United States v. Burke, 504 U.S. 229, 233 (1992); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

As applicable here, section 104(a) excludes from gross income:

SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) In General.-- Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include--

* * * * * * *

(2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness;

* * * * * * *

* * * For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness.[2] * * *

"Damages received" means amounts received "through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Sec. 1.104-1(c), Income Tax Regs.

The parties stipulated that petitioner received the $337,122.53 in question in 2001 and agree that no part of the judgment would be excluded from income pursuant to section 104(a)(2). Petitioner, however, argues that the award of damages to compensate for emotional distress is not gross income within the meaning of section 61(a) regardless of the exclusions contained in section 104. Petitioner, citing certain rulings issued after the 16th Amendment was ratified, 31 Op. Atty. Gen. 304, 308 (1918) and T.D. 2747, 20 Treas. Dec. Int. Rev. 457 (1918), as well as a House report accompanying a bill that became the Revenue Act of 1918, H. Rept. 767, 65th Cong., 2d Sess. (1918), 1939-1 C.B. (Part 2) 86, argues that his recovery from the FTB represents compensation for damage to human capital and thus is not income.

---

[2]Sec. 104 was so amended by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1838, to provide, effective for amounts received after Aug. 20, 1996, that the personal injury or sickness for which the damages are received must be physical.

Petitioner's argument is quite similar to that asserted before and ultimately rejected by the Court of Appeals for the District of Columbia Circuit. Murphy v. IRS, 493 F.3d 170 (D.C. Cir. 2007).[3] The Court of Appeals held that for the flush language of section 104(a) to make sense, the definition of gross income in section 61(a) must first include damages for nonphysical emotional distress injuries. Id. Further, this Court has held that compensation for nonphysical emotional distress injuries is gross income not excluded pursuant to section 104(a)(2). See, e.g., Goode v. Commissioner, T.C. Memo. 2006-48; Hawkins v. Commissioner, T.C. Memo. 2005-149.

We see no reason to depart from these decisions or the statutory language. Accordingly, we conclude petitioner's award of compensatory damages for emotional distress is gross income under section 61(a) and not excluded under section 104(a)(2). Further, the award of attorney's fees and litigation costs as well as postjudgment interest are also gross income. Sec. 61(a); Commissioner v. Banks, 543 U.S. 426, 429-430 (2005); Sinyard v.

---

[3]At first, the Court of Appeals for the District of Columbia Circuit agreed with a position similar to petitioner's and held that compensation for the loss of a personal attribute such as well-being was not income within the meaning of the Sixteenth Amendment. Murphy v. IRS, 460 F.3d 79 (D.C. Cir. 2006). However, the Court of Appeals then vacated its decision, Murphy v. IRS, 99 AFTR 2d 2007-396, 2007-1 USTC par 50,228 (D.C. Cir. 2006), and heard additional arguments before issuing its decision rejecting that position, Murphy v. IRS, 493 F.3d 170 (D.C. Cir. 2007).

Commissioner, 268 F.3d 756 (9th Cir. 2001), affg. T.C. Memo. 1998-364; Kovacs v. Commissioner, 100 T.C. 124, 128 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994). Finally, $6,059 of the $7,128 petitioner received in Social Security benefits in 2001 is also gross income pursuant to section 86(a). Petitioner may, however, deduct the attorney's fees and litigation costs incurred in his litigation against the FTB as a miscellaneous itemized deduction.

## II. Additions to Tax

Respondent determined that petitioner was liable for additions to tax under sections 6651(a)(1) and 6654(a). Under section 7491(c), the Commissioner has the burden of production in any court proceeding with respect to the liability of any individual for a penalty or addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). In order to meet this burden, the Commissioner must come forth with sufficient evidence indicating that it is appropriate to impose an addition to tax. Id. at 446. Once the Commissioner has met this burden, the taxpayer must come forward with evidence sufficient to persuade the Court that the Commissioner's determination is incorrect or an exception applies. Id. at 447.

Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, including extensions. The addition equals 5 percent for each month that

the return is late, not to exceed 25 percent.  Sec. 6651(a)(1).  The addition is imposed for the failure to file a return on time unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioner admits that he did not file a return for 2001 but maintains that he had reasonable cause for not filing.  Petitioner testified that he had reviewed section 104 and could not find a basis for distinguishing damages for physical injuries from emotional injuries.  Petitioner further testified that he had reviewed the Internal Revenue Code for several years and could find no provision that required him to file a return.  Finally, petitioner maintains that reasonable cause is demonstrated by the D.C. Circuit's initial conclusion that damages for emotional distress did not constitute gross income.

On cross-examination, petitioner admitted that he had not reviewed the flush language of section 104(a), which provides "emotional distress shall not be treated as a physical injury or physical sickness" for purposes of excluding damages received from gross income under section 104(a)(2).  Petitioner further admitted that he had not sought the advice of a tax professional in regard to his conclusions that no provision of the Code required him to file a return or that the damages he received were not income.

Petitioner's attempt to cloak his argument of reasonable cause in the initial Murphy decision is also unpersuasive. First, as discussed above, the Court of Appeals for the D.C. Circuit vacated its initial decision and has since determined that damages for emotional distress are gross income. Further, there is no evidence before the Court that petitioner performed an analysis similar to that of the D.C. Circuit, nor that he received any advice from a competent tax professional, at the time he chose not to file a return for 2001.

We find that petitioner has failed to meet his burden of demonstrating that his failure to file a return was due to reasonable cause and not willful neglect. Thus, petitioner is liable for the addition to tax for failure to file under section 6651(a)(1).

Respondent also determined that petitioner is liable for an addition to tax under section 6654(a) for failure to make estimated tax payments for 2001. A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown

on that return.  Sec. 6654(d)(1); <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 210-212 (2006); <u>Heers v. Commissioner</u>, T.C. Memo. 2007-10.  The addition to tax is not applicable if the taxpayer's liability for the preceding taxable year was zero.  Sec. 6654(e)(2).

Respondent introduced evidence to show petitioner was required to file a return for 2001 and failed to do so and that petitioner failed to make any estimated tax payments for 2001. The parties agree that petitioner did not file a return for the 2000 tax year.  Thus, respondent has met his burden of production with respect to the addition to tax under section 6654(a).

Petitioner, however, maintains that he did not have any liability for the 2000 tax year and thus was not required to make estimated tax payments for the 2001 tax year.  In prior years when petitioner did not file a return and respondent received information concerning petitioner's income, respondent prepared substitutes for returns and sought to collect the determined liabilities.  The fact that respondent did not file a substitute for return or seek to collect payment for 2000 supports petitioner's position that he did not have any liability for

2000.  Accordingly, we find petitioner is not liable for an addition to tax under section 6654(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>