T.C. Memo. 2008-158

UNITED STATES TAX COURT

JOYCE M. SANFORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20897-05, 1031-07.    Filed June 23, 2008.

<u>Michael T. Wells</u>, for petitioner.

<u>Valerie Makarewicz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined a $15,505 deficiency in petitioner's Federal income tax and a $3,101 accuracy-related penalty under section 6662(a) for 2003.[1]  Respondent determined a

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless
                                                      (continued...)

$41,012 deficiency in petitioner's Federal income tax and an $8,202 accuracy-related penalty under section 6662(a) for 2004. There are four issues for decision. The first issue is whether compensation petitioner received for nonpecuniary damages and future pecuniary losses in a legal action against her employer is excludable from petitioner's income under section 104(a)(2) as damages received on account of personal physical injury or physical sickness. We hold that it is not. The second issue is whether compensation petitioner received for past medical expenses and transportation in the legal action is excludable from petitioner's income under section 104(a)(2) under the exception for amounts paid for medical care attributable to emotional distress. We hold that it is not. The third issue is whether the attorney's fees paid to petitioner's attorney under a fee-shifting regulation regarding the legal action are excludable from petitioner's income. We hold that they are not. The fourth issue is whether petitioner is liable for the accuracy-related penalty. We hold that she is.

                          FINDINGS OF FACT

     Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are

---

     [1](...continued)
otherwise indicated. All dollar amounts are rounded to the nearest dollar.

incorporated by this reference.  Petitioner resided in California at the time she filed the petitions.[2]

<u>Petitioner's Legal Action</u>

Petitioner was an employee of the U.S. Postal Service (USPS) for several years continuing through 2004.  Petitioner filed complaints with the U.S. Equal Employment Opportunity Commission (EEOC) in 1998 and 1999 alleging unlawful employment discrimination.  Specifically, petitioner alleged she was discriminated against on the bases of race, national origin, sex, religion, color, and age and that she was retaliated against for previously participating in EEOC activity.  Petitioner asserted in the complaint that she was sexually harassed by a USPS coworker.

The EEOC issued a decision in petitioner's legal action in September 2002.  The EEOC found that petitioner was sexually harassed at work and was discriminated against because of her sex.  The EEOC did not find that petitioner was discriminated against because of her race, national origin, religion, or age, or that she was retaliated against for previously participating in EEOC activity.  The EEOC awarded petitioner reasonable attorney's fees pursuant to 29 C.F.R. sec. 1614.501(e) (the fee-shifting regulation).

---

[2]These two cases were consolidated for trial, briefing, and opinion in an Order from this Court dated Sept. 13, 2007.

Once the EEOC issued its decision, the USPS then issued its Final Agency Decision in the legal action.  The USPS awarded petitioner compensatory damages of $7,662 in past medical expenses and transportation, $14,033 for past benefits lost (leave without pay), and $12,000 in nonpecuniary compensatory damages.[3]  The USPS paid petitioner the damages, totaling $33,695, on March 28, 2003.

Petitioner's Appeal

Petitioner appealed the $33,695 USPS Final Agency Decision to the EEOC.  The EEOC decided petitioner's appeal in May 2004. The EEOC found that petitioner was sexually harassed by her coworker and that the USPS failed to take appropriate corrective action.  The EEOC noted that petitioner had provided sufficient documentation to substantiate or justify her request for additional compensatory damages, including a report from her psychologist and statements from friends and coworkers.  The EEOC indicated that petitioner had suffered emotional distress due to the sexual harassment and USPS' failure to take action to stop the harassment.  The EEOC also noted that petitioner's psychologist reported petitioner had experienced physical symptoms due to the psychiatric problems the harassment created.

---

[3]The EEOC, the USPS, and the parties variously refer to certain of the damages as nonpecuniary compensatory damages. While the damages themselves are pecuniary, they compensated an injury that was not.  We shall use the terms the parties used in referring to the damages as nonpecuniary compensatory damages.

Petitioner's friends and coworkers also indicated that petitioner suffered from physical symptoms due to the stress of the long-term harassment. These physical symptoms included intensification of petitioner's asthma, sleep deprivation, skin irritation, appetite loss, severe headaches, and depression.

The Award

The EEOC determined on appeal that it was appropriate to modify the USPS Final Agency Decision. The EEOC determined that the USPS should pay petitioner a total of $115,000 in nonpecuniary damages, $33,542 in future pecuniary losses, $7,662 for medical expenses, and $14,033 for use of annual leave, sick leave and leave without pay. The EEOC again awarded petitioner reasonable attorney's fees pursuant to the fee-shifting regulation.

The USPS had already compensated petitioner for the medical expenses and the loss of leave in the Final Agency Decision. Therefore, the USPS paid petitioner an additional $103,000 in future pecuniary losses (in addition to the $12,000 it paid petitioner a year earlier) and the $33,542 in future pecuniary losses in June 2004.

Attorney's Fees

The EEOC determined in both decisions, in September 2002 and May 2004, that petitioner was entitled to reasonable attorney's fees pursuant to the applicable fee-shifting regulation. In

accordance with this decision, the USPS paid $16,602 in attorney's fees in 2003 and $4,686 in 2004 on petitioner's behalf.

Petitioner's Returns and the Deficiency Notices

Petitioner timely filed returns for 2003 and 2004. Petitioner reported $43,050 of wages and $14,033 of other income on the return for 2003. Petitioner failed to report any of the income from the legal action other than the $14,033 of other income for 2003. Petitioner reported $43,086 of wages and $1,500 of income from gambling winnings on the return for 2004. Petitioner failed to report any of the income from the legal action for 2004.

Respondent issued deficiency notices to petitioner for 2003 and 2004 (the years at issue). Respondent determined that petitioner should have included the amounts she received in the legal action in her income for 2003 and 2004.[4] Respondent also determined that the accuracy-related penalty applies to petitioner's tax liabilities for 2003 and 2004. Petitioner timely filed petitions.

OPINION

We are asked to decide whether petitioner must include in her income an award from a legal action against her employer. We

---

[4]Respondent concedes that petitioner reported $14,033 on the return for 2003, which corresponds to the portion of the award compensating petitioner for annual leave, sick leave, and leave without pay.

are also asked to decide whether petitioner is liable for the accuracy-related penalty. The funds awarded from the legal action fall into three categories, each with different rules governing when the funds must be included in income. We shall consider each category separately, beginning with nonpecuniary damages and future pecuniary losses.[5]

Nonpecuniary Damages and Future Pecuniary Losses

We now consider whether petitioner must include in income the portion of the award for nonpecuniary damages and future pecuniary losses.[6] Gross income generally includes all income from whatever source derived. Sec. 61(a). The definition of gross income is broad in scope, while exclusions from income are narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955).

Damages (other than punitive damages) received on account of personal physical injuries or physical sickness may generally be

---

[5]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a). Petitioner also did not establish that she satisfies the requirements of sec. 7491(a)(2). We therefore find that the burden of proof remains with petitioner.

[6]We apply sec. 104(a)(2) as amended in 1996 by the Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, sec. 1605, 110 Stat. 1838, effective generally for amounts received after Aug. 20, 1996. That amendment, in relevant part, added the modifier "physical" after "personal" and before "injuries," to clarify that amounts received on account of personal injuries must be received for physical injuries. Id.

excluded from gross income.  Sec. 104(a)(2).  For the damages to be excludable under this provision, however, the underlying cause of action must be based in tort or tort-type rights, and the proceeds must be damages received on account of personal physical injury or physical sickness.  Commissioner v. Schleier, supra at 328, 337.[7]  Emotional distress is not treated as a personal physical injury or physical sickness except for damages not in excess of the amount paid for medical care attributable to emotional distress.  Sec. 104(a) (flush language).

Respondent concedes that the underlying cause of action in this case is based in tort or tort-type rights.  Respondent argues, however, that the damages petitioner received were not on account of personal physical injuries or physical sickness.  We agree.  We find compelling the EEOC and USPS decisions and orders.

It is evident from the EEOC and USPS decisions and orders that none of the award was predicated on personal physical injury or physical sickness as the statute requires.  The EEOC decision noted, and we acknowledge, that the sexual harassment petitioner suffered caused her emotional distress.  We further acknowledge, as did the EEOC, that the emotional distress manifested itself in

_____

[7]The Supreme Court analyzed sec. 104(a)(2) before its amendment by the SBJPA sec. 1605(a), when the restrictive modifier "physical" was added to limit the scope of "personal injuries."  Commissioner v. Schleier, 515 U.S. 323, 328 n.3 (1995).

physical symptoms such as asthma, sleep deprivation, skin irritation, appetite loss, severe headaches, and depression. These physical symptoms were not the basis of the award petitioner received, however. Petitioner sought, and was awarded, relief for sexual harassment, discrimination based on sex, and the failure of the USPS to take appropriate corrective action.

The EEOC and USPS decisions and orders compensated petitioner for the emotional distress she suffered because of the sexual harassment she experienced at work and her employer's failure to take appropriate corrective action. Despite her argument to the contrary, petitioner was not compensated for the physical symptoms she experienced as a result. Damages received on account of emotional distress, even when resultant physical symptoms occur, are not excludable from income under section 104(a)(2). Hawkins v. Commissioner, T.C. Memo. 2005-149.

We conclude that the nonpecuniary damages and future pecuniary losses awarded to petitioner as a result of the legal action were not received on account of personal physical injury or physical sickness. Petitioner therefore must include these damages in her income under section 104(a)(2) for the years at issue.

Past Medical Expenses and Transportation

We now turn to the portion of the award for petitioner's past medical expenses and transportation. While a taxpayer may generally not exclude damages for emotional distress from income, an exception applies for amounts paid for medical care for emotional distress. Sec. 104(a). Damages for emotional distress are treated as a personal physical injury or sickness, and thus excludable from income, up to the amount paid for medical care (as described in section 213(d)(1)(A) or (B)) attributable to emotional distress. Id.

A reimbursement for medical expenses must be included in income in the year it was received to the extent a deduction was claimed on account of the medical expenses in a prior year. Sec. 1.213-1(g)(1), Income Tax Regs. If no deduction was claimed in an earlier year, the taxpayer is not required to include the reimbursement in income. Sec. 104(a); sec. 1.213-1(g)(2), Income Tax Regs. To substantiate deductions for medical expenses under section 213, the taxpayer must furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of each payment. Sec. 1.213-1(h), Income Tax Regs.

Petitioner received $7,662 for past medical expenses and transportation in 2003. Petitioner failed to introduce evidence that she had not deducted the medical expenses in a prior taxable

year.[8]  Petitioner also failed to introduce evidence to demonstrate her costs for treating her emotional distress. Petitioner therefore cannot exclude the $7,662 reimbursement from income for 2003.

Attorney's Fees

We now consider whether petitioner must include in income amounts paid to her attorney pursuant to the fee-shifting regulation.  A litigant generally may not exclude the portion of recovery paid to his or her attorney where the litigant's recovery constitutes income.  Commissioner v. Banks, 543 U.S. 426, 436-437 (2005).  This is true whether the attorney's fee was paid on a contingent fee basis or pursuant to a fee-shifting statute.  Sinyard v. Commissioner, 268 F.3d 756 (9th Cir. 2001), affg. T.C. Memo. 1998-364; Green v. Commissioner, T.C. Memo. 2007-39; Vincent v. Commissioner, T.C. Memo. 2005-95.  A third party's discharge of a taxpayer's obligation is income to the taxpayer.  Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 729 (1929).

The USPS paid petitioner's attorney $16,602 in 2003 and $4,686 in 2004 on petitioner's behalf.[9]  These funds paid

---

[8]Petitioner did not claim any deductions for medical expenses in 2003 or 2004.  The record lacks any evidence regarding medical expenses in prior years.

[9]Petitioner did not make any arguments on brief regarding why she should be entitled to exclude fees paid to her attorney on her behalf.  She also did not argue, and we do not find, that

(continued...)

pursuant to the fee-shifting regulation are not excludable from petitioner's income.  See Sinyard v. Commissioner, supra; Vincent v. Commissioner, supra.  That the funds were paid directly to petitioner's attorney and not to petitioner does not alter this result.  See Sinyard v. Commissioner, supra at 759.  We conclude that petitioner must include in income the attorney's fees paid to her attorney.

Accuracy-Related Penalty

We finally consider whether petitioner is liable for the accuracy-related penalty under section 6662(a).  Respondent has the burden of production under section 7491(c) and must come forward with sufficient evidence that it is appropriate to impose the accuracy-related penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

A taxpayer is liable for an accuracy-related penalty for any portion of an underpayment attributable to, among other things,

---

[9](...continued)
she is entitled to any deduction for attorney's fees paid or incurred to prosecute unlawful discrimination under the amendments to sec. 62(a) that became effective Oct. 22, 2004. American Jobs Creation Act of 2004, Pub. L. 108-357, sec. 703, 118 Stat. 1546.  The date the payments were made to petitioner's attorney is not evident from the record, and it is thus unclear whether the payments would be within the effective date of the amendments to sec. 62(a).  Petitioner bears the burden of proof, however, and made no argument that she is entitled to this deduction.  She is therefore deemed to have conceded it.

negligence or disregard of rules and regulations.[10]  Sec. 6662(a)
and (b)(1).  Negligence is defined as any failure to make a
reasonable attempt to comply with the provisions of the Code.
Sec. 6662(c).  Negligence is the lack of due care or failure to
do what a reasonably and ordinarily prudent person would do under
the circumstances.  Neely v. Commissioner, 85 T.C. 934, 947
(1985).  Disregard is characterized as any careless, reckless, or
intentional disregard.  Sec. 6662(c); sec. 1.6662-3(b)(2), Income
Tax Regs.  Disregard of rules and regulations is careless if the
taxpayer does not exercise reasonable diligence to determine the
correctness of a return position that is contrary to the rule or
regulation.  Kooyers v. Commissioner, T.C. Memo. 2004-281.  We
have previously found a taxpayer negligent where the taxpayer
excluded a settlement amount relying solely on his attorney's
statement that the settlement was for punitive damages.  Corrigan
v. Commissioner, T.C. Memo. 2005-119.

Petitioner failed to report all but $14,033 of the funds she
received from the legal action in 2003 and 2004.  Petitioner
testified that she consulted H&R Block to file the returns, but
her testimony was unclear as to what advice she received and when
she received it.  Petitioner did not testify about any other

---

[10]Respondent determined alternatively that petitioner is
liable for the accuracy-related penalty for substantial
understatements of income tax under sec. 6662(b)(2) for 2003 and
2004.  Because of our holding on the negligence issue, we need
not consider whether the underpayments were also substantial
understatements.

efforts she made to properly report the award.  Petitioner did not show she exercised reasonable diligence to determine that excluding the payments from income was the correct treatment. Nor has petitioner shown she had a reasonable basis for excluding the award from income.[11]  Petitioner essentially argues that she suffered physical injuries and therefore the award should be excluded from her income.  Petitioner misapplies the law because, under section 104(a), awards for emotional distress are not excludable from income, and the physical symptoms petitioner suffered resulted from emotional distress.  Petitioner makes no argument why she should be entitled to exclude the attorney's fees from her income.  She also did not support her exclusion of the medical expense portion of the award with any documentary evidence indicating that she incurred medical expenses and had not deducted them in a prior year.  We conclude that petitioner was negligent in preparing her returns for 2003 and 2004.

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if the taxpayer proves

---

[11]A return position generally has a reasonable basis if it is reasonably based on one or more of the authorities that constitute substantial authority for purposes of substantial understatements under sec. 6662(b)(2).  Sec. 1.6662-3(b)(3), Income Tax Regs.  These authorities include, among others, the Code and other statutory provisions, proposed, temporary, and final regulations construing the statutes, court cases, and Congressional intent as reflected in Committee reports.  Sec. 1.6662-4(d)(3)(iii), Income Tax Regs.  The reasonable basis standard is not satisfied by a return position that is merely arguable or is merely a colorable claim.  Sec. 1.6662-3(b)(3), Income Tax Regs.

there was reasonable cause for the taxpayer's position with respect to that portion and that he or she acted in good faith with respect to that portion. Sec. 6664(c)(1); Higbee v. Commissioner, supra at 446; sec. 1.6664-4(a), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances, including the taxpayer's reasonable reliance on a professional tax adviser, the taxpayer's efforts to assess his or her proper tax liability, and the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs.

A taxpayer reasonably relied on a professional tax adviser if the adviser was a competent professional who had sufficient expertise to justify the taxpayer's reliance on him or her, the taxpayer provided necessary and accurate information to the adviser, and the taxpayer relied in good faith on the adviser's judgment. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002). A taxpayer generally must prove each of these elements to show his or her reliance on a professional tax adviser was reasonable. Bowen v. Commissioner, T.C. Memo. 2001-47.

Petitioner argues that she reasonably relied on H&R Block to prepare the returns. We disagree. While petitioner testified at trial that she sought advice from H&R Block regarding her taxes,

petitioner was unclear in her testimony about when she received advice and what advice she received. Petitioner's tax preparer did not testify. Petitioner has also failed to establish that she provided her preparer with all the necessary and accurate information concerning her legal action. We therefore do not find that petitioner reasonably relied on a professional tax adviser.

After considering all the facts and circumstances, we find that petitioner has failed to establish that she had reasonable cause and acted in good faith with respect to the underpayments of tax for the years at issue. Accordingly, we conclude that the accuracy-related penalty applies.

To reflect the foregoing and respondent's concession,

Decisions will be entered
under Rule 155.