[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11337
Non-Argument Calendar
_____

Agency No. 5080-10


SYED A. AHMED,
RAFIUNNISA R. AHMED,

                                                Petitioners-Appellants,

versus

COMMISSIONER OF IRS,

                                                Respondent-Appellee.


_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(November 21, 2012)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Syed Ahmed[1], proceeding *pro se*, appeals the tax court's denial of his petition for redetermination of his tax deficiency, imposed for his failure to pay taxes on a settlement payment that he received related to an employment discrimination lawsuit.  On appeal, he argues that the settlement payment is excludable from his taxable gross income, under 26 U.S.C. § 104(a)(2), as compensation for physical injuries or physical sickness.  For the reasons set forth below, we affirm the tax court's denial of Ahmed's petition challenging his tax deficiency.

I.

In 2010, Ahmed filed a petition with the tax court seeking a redetermination of the Commissioner's decision that he had a tax deficiency in 2007.  He attached the notice of deficiency, which indicated that he owed $22,185 in taxes on $90,000 of income for 2007.  The Commissioner also imposed a $4,437 penalty based on Ahmed's substantial understatement of tax, under 26 U.S.C. § 6662(a). In his petition, Ahmed asserted that the $90,000 was "not income but [a] settlement of legal expenses over a period of 16 years in [a] discrimination case."

The parties' stipulation of the facts, along with their attached exhibits,

---

[1] Although Syed and Rafiunnisa Ahmed are both parties on appeal, the factual background and issues on appeal relate solely to Syed Ahmed, and accordingly, we refer only to him.

established that, on October 23, 2006, Ahmed had filed a civil complaint against Fulton County, his former employer, alleging numerous claims, including constitutional violations, discrimination, and retaliation, based on his race, religion, and national origin, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, and age discrimination, in violation of the Age Discrimination and Employment Act ("ADEA").  Among other things, he alleged that the harassment that he suffered during his employment contributed to a heart attack that he suffered on August 24, 2005.  As to relief, Ahmed requested back pay, back benefits, compensatory and punitive damages for intentional discrimination, litigation expenses, and reasonable attorney's fees.

On October 10, 2007, Ahmed entered into a settlement agreement with Fulton County, pursuant to which he agreed to dismiss his employment lawsuit in exchange for $150,000.  Ahmed also agreed to retire from his employment with the County.  The agreement indicated that it encompassed all claims arising from Ahmed's civil action, including:

> any and all real or perceived claims, obligations, promises, demands, rights, damages, costs[,] losses, suits, actions, attorneys' fees and expenses of any nature whatsoever which AHMED may have or have had, or may later claim to have had, against any of the FULTON COUNTY RELEASEES for personal injuries, contractual damages, losses and damage to personal property, or any other losses or expenses of any kind.

3

Ahmed's attorney in the case collected a 40% fee from the total settlement payment, which was $60,000, and the remaining $90,000 was deposited to Ahmed's bank account.

At the trial, Ahmed testified that he "settled the case because of physical injuries." Further, he testified that Fulton County had already given him back pay for the time period of August 4 to January 20, 2005, and Ahmed paid taxes on those earnings in his 2005 tax return. Further, he stated, "then what we got was $90,000 for my heart attack and the sufferings of my whole family and myself." Ahmed did not include the settlement as taxable income in his 2007 tax return because the Internal Revenue Service has instructed taxpayers to exclude "compensatory damages for personal physical injury or physical sickness."

The court issued an opinion denying Ahmed's petition. The court found that, although the settlement agreement referenced "personal injuries" in a "boilerplate list" of all the claims from which Ahmed agreed to release Fulton County, the settlement did not allocate any portion of the payment to compensate him for physical injuries. Further, as part of the settlement agreement, Ahmed agreed to retire from his employment, which suggests that at least part of the settlement payment should be considered as severance pay. Although the complaint mentioned Ahmed's physical injuries, the complaint did not specifically

4

seek relief for those injuries.  Moreover, the complaint never connected Ahmed's heart attack or other physical injuries to his claims for damages.  Thus, the tax court concluded that Ahmed failed to prove that Fulton County intended to compensate him for physical injuries, given that the complaint "placed little emphasis" on his physical injuries, the settlement agreement's only mention of "personal injuries" was in the boilerplate language, and the record contained no other evidence showing that any part of the settlement was for physical injuries. Accordingly, the tax court sustained the Commissioner's determination that the $90,000 that Ahmed received under the settlement agreement is taxable.  The tax court also sustained a tax penalty that Ahmed incurred for a substantial understatement of income tax, as he failed to raise the issue at trial.

## II.

As a preliminary matter, the Commissioner, in its response brief, argues that the tax court properly sustained Ahmed's tax penalty for a substantial understatement of taxable income, and regardless, he waived any challenge to his tax penalty because he failed to challenge the penalty in his petition before the tax court.  However, even if he had preserved such a challenge, Ahmed has abandoned it on appeal because, although he makes two passing references to the penalty, he provides no arguments related to the penalty issue in his appeal brief.  *See Timson*

5

*v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that issues not briefed on appeal by a *pro se* litigant are deemed abandoned).  In his statement of the issues, Ahmed states, "[I]n Tax Return of 2007[, he] clearly mentioned about the settlement, NO pena[]lty be levied."  Additionally, in his statement of facts, he indicates that, because the settlement was prominently noted on his tax returns, "the question of pena[]lty does not arise."  These statements do not clearly articulate a challenge to the tax court's determination that Ahmed had waived the tax penalty issue by failing to raise it at trial.  Accordingly, he has abandoned a challenge to the penalty on appeal. *See Timson*, 518 F.3d at 874.

## III.

We review the tax court's factual findings for clear error and its legal conclusions *de novo*.  *Estate of Whitt v. Comm'r of Internal Revenue*, 751 F.2d 1548, 1556 (11th Cir. 1985).  The Commissioner's determination of a deficiency is presumed correct and the taxpayer has the burden of proving by a preponderance of the evidence that it is incorrect. *Id.*  We read briefs filed by *pro se* litigants liberally.  *Timson*, 518 F.3d at 874.

The Sixteenth Amendment to the U.S. Constitution provides that "Congress shall have power to lay and collect taxes on incomes, from whatever source derived."  U.S. CONST. amend. XVI.  The Internal Revenue Code ("IRC") imposes

6

a tax on the taxable income of every individual who is a citizen or resident of the United States, with some exceptions not applicable here.  26 U.S.C. § 1(a)-(d); 26 C.F.R. § 1.1-1(a).  Taxable income is gross income less deductions.  26 U.S.C. § 63(a).  Section 61(a) of the IRC defines gross income broadly, stating that "[e]xcept as otherwise provided in this subtitle, gross income means all income from whatever source derived."  *Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 327, 115 S.Ct. 2159, 2163, 132 L.Ed. 294(1995); 26 U.S.C. § 61(a).  The Supreme Court has "repeatedly emphasized the 'sweeping scope' of this section," and that "exclusions from income must be narrowly construed."  *Id.* at 327-28, 115 S.Ct. at 2163.

Section 104(a)(2) of the IRC expressly provides that "gross income" does not include:

> the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness.

26 U.S.C. § 104(a)(2).  In *Schleier*, the Supreme Court rejected a taxpayer's claim that back pay that he received under an ADEA settlement was exlcudable from gross income under § 104(a)(2), concluding that his recovery of the back pay was not "on account of" any personal injury and no personal injury affected the amount

7

of back pay recovered. *Schleier*, 515 U.S. at 327-31, 115 S.Ct. at 2163-64.

Here, the tax court did not clearly err in concluding that Ahmed's $90,000 settlement payment was not excludable from his taxable income under § 104(a)(2). As noted by the tax court, the Commissioner's determination of Ahmed's tax deficiency is presumed correct, and Ahmed had the burden to show that the payment was received in compensation for physical injury or sickness. *See Estate of Whitt*, 751 at 1556. A review of the record confirms that Ahmed failed to meet this burden. Under the settlement agreement, no portion of the $150,000 payment was specifically designated as compensation for a physical injury or sickness. Instead, the agreement was intended to release Fulton County from a broad array of potential future claims that might arise out of Ahmed's employment discrimination lawsuit. While the agreement referenced "personal injuries" in a list of several types of these potential claims, the agreement did not reference any specific physical injury or sickness or medical costs. The agreement specified only that the settlement payment was in exchange for Ahmed's agreement to dismiss his employment discrimination lawsuit and to retire from employment. Notably, although Ahmed's complaint in his discrimination lawsuit asserted that his heart attack was induced by Fulton County, he did not specifically seek damages for any physical injuries or medical expenses.

8

Additionally, while the County, in 2005, proposed to pay Ahmed six weeks of back pay for the time "surrounding his heart attack," this proposal was made before Ahmed initiated the 2006 discrimination lawsuit that resulted in the 2007 settlement payment.  Moreover, Ahmed suffered his heart attack on August 24, 2005, and he testified that, in 2005, he had received back pay for the time between August and January.  Thus, Fulton County already compensated Ahmed in 2005 for the wages that he lost "on account of" his heart attack, and it does not appear that his heart attack would have affected the amount of any back pay that he received under the 2007 settlement agreement.  *See Schleier*, 515 U.S. at 327-29, 115 S.Ct. at 2163-64.

On appeal, Ahmed argues that the tax court erred in finding that the settlement was intended as severance because he enjoyed full retirement benefits. However, as noted by the tax court, the settlement agreement specified that the $150,000 payment was contingent on Ahmed's agreement to retire.  Ahmed provides no explanation for his suggestion that the payment cannot be considered as severance because he received retirement benefits.  Ahmed further argues that, even if the $90,000 settlement payment was taxable, the taxable amount should be reduced by the $50,000 of legal expenses that he incurred over a 12-year period. However, the parties stipulated that, out of the $150,000 total settlement payment,

9

the Commissioner excluded the $60,000 that Ahmed's attorney received, and imposed a tax deficiency only on the remaining $90,000 that Ahmed received. Ahmed fails to explain how any other legal fees that he incurred related to the 2007 settlement. Finally, Ahmed asserts that the tax court ignored much of the factual record and relied on incorrect facts. However, he failed to provide any specific examples of evidence that the tax court ignored or any facts that it improperly presumed to be correct. In sum, he failed to meet his burden to show by a preponderance of the evidence that the settlement payment was intended to compensate him for physical injury or sickness. *See Estate of Whitt*, 751 at 1556.

For the foregoing reasons, we affirm the tax court's denial of Ahmed's petition challenging his tax deficiency.

**AFFIRMED.**