**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KATHLEEN S. SIMPSON; GEORGE T. SIMPSON, | No.    14-72372 |
| Petitioners-Appellants, | Tax Ct. No. 26619-11 |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court
David Laro, Tax Court Judge, Presiding

Submitted August 8, 2016[**]
San Francisco, California

Before:  WALLACE and GRABER, Circuit Judges, and LYNN,[***] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, United States Chief District Judge for the Northern District of Texas, sitting by designation.

Kathleen Simpson settled an employment suit and received a large payout. Only a small portion of the settlement was included as income when she and her husband jointly filed their taxes the following year. The Internal Revenue Service issued a notice of deficiency, and the case proceeded to trial before the Tax Court. The Tax Court held that all but 10% of the settlement proceeds had to be included as income. The Simpsons moved for attorney fees. The Tax Court denied fees. The Simpsons timely appeal.

We review a decision of the Tax Court the same way we review any decision rendered by a district court in a civil bench trial. Comm'r v. Dunkin, 500 F.3d 1065, 1068 (9th Cir. 2007). Thus, we review the court's factual findings for clear error, its discretionary rulings for abuse of discretion, and its conclusions of law de novo. Id. We review the Tax Court's denial of attorney fees for abuse of discretion. Huffman v. Comm'r, 978 F.2d 1139, 1143 (9th Cir. 1992).

1. The settlement payments to Simpson were not made "under" California's Workers' Compensation Act, I.R.C. § 104(a)(1), and, therefore, could not be excluded from income. Because Simpson failed to seek approval from the Workers' Compensation Appeals Board, the settlement did not follow the procedures required for the agreement to be valid under the California workers' compensation scheme. Cal. Lab. Code § 5001; Raischell & Cottrell, Inc. v.

Workmen's Comp. Appeals Bd., 58 Cal. Rptr. 159, 163 (Ct. App. 1967).

Additionally, the settlement included only general terms and did not specifically mention the Workers' Compensation Act as a reason for the settlement.

2. The Tax Court did not abuse its discretion under Internal Revenue Code § 7430(a) in concluding that the Simpsons were not a prevailing party entitled to attorney fees. The Simpsons did not prevail on their main claim—that the settlement amounts should be excluded because they were received for workers' compensation claims. The government was substantially justified in taking a position that it later conceded, because the Simpsons changed their position during the litigation.

3. The Tax Court did not abuse its discretion in concluding that a proposed settlement was not a "qualified" offer because it provided that the Simpsons could withdraw it at any time. A qualified offer must, by its terms, "remain[] open during the period beginning on the date it is made and ending on the earliest of the date the offer is rejected, the date the trial begins, or the 90th day after the date the offer is made." I.R.C. § 7430(g)(1)(D); Treas. Reg. § 301.7430-7(c)(5). The burden lies with the Simpsons to show that a proposal is a qualified offer. Tax Ct. R. 232(e). The proposal is unclear as to whether the offer truly remained open for the requisite period. Accordingly, the Tax Court did not abuse its discretion in

3

concluding that the Simpsons failed to carry their burden to demonstrate that the proposed agreement was a qualified offer.

**AFFIRMED.**