T.C. Memo. 2017-72

UNITED STATES TAX COURT

DANIELLE JAN BATES AND LUCAS R. BATES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10887-15.                    Filed May 1, 2017.

Danielle Jan Bates and Lucas R. Bates, pro sese.

<u>Gary R. Shuler, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision, relating to petitioners' 2012 joint

Federal income tax return, are whether a payment received pursuant to a

[*2] settlement agreement is taxable income and whether petitioners are liable for a section 6662(a) accuracy-related penalty.[1]

FINDINGS OF FACT

On February 14, 2005, Danielle Jan Bates began working as a customer service agent at ABX Air, Inc. (ABX). On July 28, 2006, while performing her duties, Mrs. Bates injured her back. As a result of her injury, she could not maintain her required work schedule, and on November 30, 2006, ABX terminated her employment because she had violated its attendance policy. After her termination Mrs. Bates applied for unemployment benefits with the Ohio Department of Job and Family Services. Her application was initially denied, but after numerous appeals, the Court of Appeals for Greene County, Ohio, concluded Mrs. Bates was eligible for unemployment benefits. She also filed with the Industrial Commission of Ohio a disability claim relating to her back injury, and in 2009 her claim for disability benefits was approved.

On May 19, 2009, Mrs. Bates filed a complaint against ABX in the Common Pleas Court of Clinton County, Ohio. The complaint alleged "sex (pregnancy) discrimination," "retaliation against * * * [Mrs. Bates] for her filing

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code relating to the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] of a workers' compensation claim," "wrongful discharge in violation of public policy," and "entitlement to punitive damages." Because of the discrimination, retaliation, and wrongful discharge alleged in the complaint, Mrs. Bates sought to recover from ABX lost wages, compensatory damages (i.e., damages for "emotional injury"), punitive damages, and attorney's fees. Prior to detailing the allegations in the complaint, Mrs. Bates described how she injured her back. Mrs. Bates did not, however, seek in the complaint to recover from ABX any damages relating to her back injury.

In March 2012 Mrs. Bates and ABX entered into a "Confidential Settlement and General Release Agreement" (settlement agreement) pursuant to which Mrs. Bates released all claims against ABX in exchange for $65,000 (i.e., $5,000 relating to lost wages, $38,286 relating to emotional distress, and $21,714 relating to attorney's fees and costs). In 2013 ABX issued Mrs. Bates a Form W-2, Wage and Tax Statement, and a Form 1099-MISC, Miscellaneous Income (i.e., relating to the payments for lost wages and emotional distress), and petitioners timely filed a joint 2012 Federal income tax return. In a notice of deficiency dated January 26, 2015, respondent determined that petitioners had failed to report the $38,286 payment relating to emotional distress, were liable for a $14,532 deficiency, and

**[*4]** were liable for a $2,906 section 6662(a) accuracy-related penalty. On April 27, 2015, petitioners, while residing in Ohio, timely filed a petition with the Court.

OPINION

Petitioners contend that the payment relating to emotional distress was attributable to a personal physical injury (i.e., Mrs. Bates' back injury) and thus excludable from income pursuant to section 104(a)(2).[2] See Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995) (stating that section 61(a) is broad in scope and exclusions from income must be narrowly construed); Simpson v. Commissioner, 141 T.C. 331, 345 (2013), aff'd, 668 F. App'x 241 (9th Cir. 2016); sec. 1.104-1(c)(2), Income Tax Regs. The settlement agreement, however, provides that Mrs. Bates received $38,286 on account of emotional distress but does not provide that this payment was on account of a personal physical injury or physical sickness. See sec. 104(a) (flush language); sec. 1.104-1(c)(1), Income Tax Regs. Indeed, Mrs. Bates received the payment on account of her discrimination, retaliation, and wrongful discharge allegations. See United States

---

[2]Pursuant to sec. 7491(a), petitioners have the burden of proof unless they introduce credible evidence relating to an issue that would shift the burden to respondent. See Rule 142(a). Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

**[*5]** v. Burke, 504 U.S. 229, 237 (1992) (stating that where damages are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether those damages are excludable pursuant to section 104(a)(2)); Seay v. Commissioner, 58 T.C. 32, 37 (1972).  Accordingly, the $38,286 payment is taxable income.

Section 6662(a) imposes a 20% penalty on the amount of any underpayment of tax attributable to "[n]egligence or disregard of rules or regulations" or "[a]ny substantial understatement of income tax".  See sec. 6662(b)(1) and (2).  Respondent bears, and has met, the burden of production relating to this penalty.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  There is no credible evidence that petitioners made reasonable efforts to assess their proper Federal income tax liability or believed in good faith that the liability was accurately reported.  See sec. 6664(c); sec. 1.6664-4(b)(1), Income Tax Regs.  Accordingly, petitioners are liable for a section 6662(a) accuracy-related penalty.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.