T.C. Summary Opinion 2017-49

UNITED STATES TAX COURT

LIUDMELA OKSANA MACIUJEC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18844-15S.                    Filed July 12, 2017.

Liudmela Oksana Maciujec, pro se.

<u>Jeremy J. Eggerth</u>, <u>Miles D. Friedman</u>, and <u>Hans Famularo</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
                                                                    (continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $23,396 in petitioner's Federal income tax for 2013 and an accuracy-related penalty under section 6662(a) of $4,679. Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in California.

After concessions,[2] the issues remaining for decision are whether petitioner (1) may exclude from gross income damages of $72,000 that she received in the settlement of a civil suit that she brought against Home Depot, U.S.A., Inc. (Home Depot), and (2) is liable for an accuracy-related penalty under section 6662(a).

---

[1](...continued)
Code, as amended and in effect for 2013, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]Respondent conceded that petitioner was not obliged to include in gross income $32,500 that Home Depot paid to her attorney and $210 characterized in the notice of deficiency as interest income. Petitioner conceded that she received, and failed to report, ordinary dividend income of $15. To the extent not discussed herein, other issues are computational and flow from our decision in this case.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

Petitioner graduated from high school and has taken some college level courses in pursuit of an associate's degree. Petitioner started working for Home Depot in 2008. She worked primarily in the garden department assisting customers and processing special orders. Home Depot terminated petitioner's employment in February 2010.

In June 2011 Michael Portner, petitioner's attorney, filed a civil complaint for damages against Home Depot in the Superior Court of the State of California. The complaint identified 10 causes of action and alleged that in the course of her employment at Home Depot petitioner was subjected to various forms of discrimination, harassment, and retaliation, that the company failed to accommodate her physical disability (an inability to stand for extended periods), that a coworker had committed a battery on her (unwanted touching and offensive physical contact), and that she was wrongfully terminated. Each of the 10 causes of action included an allegation that the conduct of Home Depot and its employees caused petitioner to suffer emotional distress. The complaint did not allege that petitioner suffered any physical injury or sickness as a result of the conduct of

Home Depot or its employees. The complaint requested general damages, an award for loss of earning, the costs of the lawsuit, attorney's fees, and punitive damages.

On May 16, 2013, petitioner and Home Depot entered into a settlement agreement and general release (settlement agreement) to "fully and finally * * * resolve" the allegations in the complaint as well as "any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Employee against Home Depot relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed." The settlement agreement stated in relevant part that "Home Depot agrees to pay the Employee, as payment for Employee's claims of compensatory damages (including emotional distress), the sum of * * * $72,000" and that the settlement agreement "contains the entire agreement and understanding between the Employee and Home Depot * * * and supersedes all other agreements between the Employee and Home Depot". Finally, the agreement states: "Employee has not sought medical treatment or incurred medical costs * * * as a result of the claims asserted in this lawsuit." No portion of the settlement payment was allocated to any particular cause of action in the complaint.

Home Depot issued to petitioner a Form 1099-MISC, Miscellaneous Income, reporting that she had received taxable income of $104,500 in 2013 as a result of the settlement of the lawsuit described above.

Petitioner hired Rudy Baron, a certified public accountant, to prepare her Federal income tax return for 2013. She provided Mr. Baron with copies of the Home Depot complaint and the settlement agreement, and she specifically inquired whether he believed that the settlement payment constituted taxable income.

Mr. Baron prepared and filed a Federal income tax return for petitioner reporting that she received wage income of $8,000 from Home Depot. The tax return did not report as gross or taxable income the miscellaneous income that Home Depot had reported on Form 1099-MISC. Instead, Mr. Baron included with petitioner's tax return (1) a schedule indicating that she had received other income of $104,500 from Home Depot and (2) a separate statement that she had sustained "sexual abuse injuries" at Home Depot, and, therefore, she considered the settlement payment to be nontaxable under section 104(a).

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under certain circumstances, the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Inasmuch as the facts that are relevant to the disposition of this matter are not in dispute, we conclude that the placement of the burden of proof is immaterial.

Unless a specific income exclusion applies, a taxpayer is required to include in gross income all income from whatever sources derived. See sec. 61(a); Arnett v. Commissioner, 126 T.C. 89, 91 (2006), aff'd, 473 F.3d 790 (7th Cir. 2007). Exclusions from income are construed narrowly, and taxpayers must bring themselves within the clear scope of the exclusion. Id. at 91-92.

Section 104(a)(2) provides the general rule that gross income does not include the amount of any damages received on account of a personal physical injury or physical sickness. The so-called flush language of section 104(a) provides in pertinent part: "For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness. The preceding sentence

shall not apply to an amount of damages not in excess of the amount paid for medical care (described in subparagraph (A) or (B) of section 213(d)(1)) attributable to emotional distress." As explained in related regulations, although emotional distress is not considered a physical injury or physical sickness, damages for emotional distress attributable to a physical injury or sickness are excluded from gross income under section 104(a)(2). Sec. 1.104-1(c), Income Tax Regs.

Where damages are received pursuant to a settlement agreement, the nature and character of the underlying claim guides the Court's decision whether the payment is excludable from income under section 104(a)(2). See United States v. Burke, 504 U.S. 229, 237 (1992); Simpson v. Commissioner, 141 T.C. 331, 339-340 (2013), aff'd, 668 F. App'x 241 (9th Cir. 2016). In short, petitioner must show that the Home Depot settlement payment was in lieu of damages for a physical injury or physical sickness. See Ahmed v. Commissioner, T.C. Memo. 2011-295, aff'd, 498 F. App'x 919 (11th Cir. 2012).

Petitioner contends that the damages that she received for emotional distress are attributable to a physical injury (battery) arising during her employment at Home Depot. We disagree.

The complaint that petitioner filed against Home Depot does not include an allegation that she suffered any physical injury or physical sickness as a result of the conduct of Home Depot or its employees. The complaint states that as a proximate result of the actions underlying the complaint petitioner suffered "loss of income, wages and other pecuniary losses" and "mental anguish, embarrassment, humiliation, and emotional distress".

Although petitioner may have suffered physically as a result of the battery described in the complaint, there is no indication in the settlement agreement or in the record as a whole that she was compensated for a physical injury or physical sickness, or emotional distress attributable thereto. Petitioner does not claim that any portion of the settlement payment served to reimburse her for amounts paid for medical care attributable to emotional distress.[3] See sec. 104(a) (flush language); Sanford v. Commissioner, T.C. Memo. 2008-158. Damages received on account of emotional distress and resultant symptoms are not excludable from income under section 104(a)(2). Hawkins v. Commissioner, T.C. Memo. 2005-149. In sum, we conclude that petitioner did not receive damages for emotional distress that were attributable to a physical injury or physical sickness and,

---

[3]In fact, the settlement agreement states that "[e]mployee has not sought medical treatment or incurred medical costs * * * as a result of the claims asserted in this lawsuit."

accordingly, the portion of the settlement payment remaining in dispute is not subject to exclusion from gross income under section 104(a)(2). See Sanford v. Commissioner, T.C. Memo. 2008-158; Shaltz v. Commissioner, T.C. Memo. 2003–173.

We also redetermine respondent's determination that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a). Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of any underpayment due to negligence or intentional disregard of rules and regulations or a substantial understatement of income tax. Negligence is a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). An understatement of income tax is "substantial" if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Respondent bears the burden of production with respect to the penalty. Sec. 7491(c).[4]

However, section 6664(c) provides that no penalty shall be imposed with respect to any portion of an underpayment if it is shown that there was reasonable

---

[4]Respondent has satisfied his burden of production inasmuch as the record shows that the understatement exceeds 10% of the tax required to be shown on the return, which is greater than $5,000.

cause for such portion and that the taxpayer acted in good faith with respect to such portion. Swihart v. Commissioner, T.C. Memo. 1998-407. The Court must consider all the facts and circumstances in determining whether the taxpayer acted with reasonable cause and in good faith. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess her proper tax liability. Id.

A taxpayer may establish good-faith reliance on a professional tax adviser by showing that (1) she gave the adviser complete and accurate information, (2) an incorrect return was the result of the adviser's mistake, and (3) she believed in good faith that she was relying on a competent adviser's advice. See, e.g., Estate of Goldman v. Commissioner, 112 T.C. 317, 324 (1999), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000).

Considering all the facts and circumstances, including petitioner's lack of sophistication regarding tax matters, we conclude that petitioner has shown reasonable cause for the entire underpayment and that she acted in good faith in relying on Mr. Baron's advice. See, e.g., United States v. Boyle, 469 U.S. 241, 251 (1985) (holding that it is reasonable for a taxpayer to rely on the advice of an attorney or accountant because "[m]ost taxpayers are not competent to discern error in the substantive advice of an accountant or attorney"). Consequently, we

do not sustain respondent's determination of an accuracy-related penalty in this case.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.