# United States Tax Court

T.C. Memo. 2023-97

WILLIAM HENRY MCGHEE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 24587-21.                               Filed July 26, 2023.

————

William Henry McGhee, pro se.

*Christina L. Holland*, for respondent.

## MEMORANDUM OPINION

TORO, *Judge*:   In 2016, petitioner, William Henry McGhee, received a significant award of damages for being wrongfully terminated from his job on the basis of age discrimination.  But he did not file a federal income tax return for that year.  The Commissioner of Internal Revenue prepared a substitute for return for Mr. McGhee under section 6020(b)[1] and determined a deficiency as well as certain additions to tax for the year.  Mr. McGhee timely filed a Petition in our Court seeking redetermination.  After concessions,[2] we must decide (1) whether the damages of $571,681 Mr. McGhee received in 2016 are

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The parties now agree that the damages Mr. McGhee received do not constitute income from self-employment and that he is not liable for self-employment tax with respect to them.  The Commissioner also concedes that Mr. McGhee is not liable for any addition to tax under section 6654(a).

[*2] taxable to him and (2) if so, whether he is liable for additions to tax under section 6651(a)(1) and (2).

The parties stipulated the facts relevant to the open issues and asked the Court to decide the case without trial under Rule 122. We granted that request and established a briefing schedule, but Mr. McGhee failed to submit any argument in support of his position. Thus, as a procedural matter, he is deemed to have forfeited his arguments. *See, e.g.*, *Smith v. Commissioner*, No. 5191-20, 159 T.C., slip op. at 41 (Aug. 25, 2022). In addition, the record does not reveal a basis on which he can prevail on the open issues.

With respect to the damages, in cases (like this one) involving unreported income, the U.S. Court of Appeals for the Eighth Circuit, to which an appeal in this case would ordinarily lie,[3] *see* I.R.C. § 7482(b)(1), has held that the Commissioner generally must produce some evidence linking a taxpayer to an income-generating activity, *Day v. Commissioner*, 975 F.2d 534, 537 (8th Cir. 1992), *aff'g in part, rev'g in part on other grounds, and remanding* T.C. Memo. 1991-140; *see also Walquist v. Commissioner*, 152 T.C. 61, 67–68 (2019), or establish some foundation or evidence supporting the assessment, *Page v. Commissioner*, 58 F.3d 1342, 1347 (8th Cir. 1995), *aff'g* T.C. Memo. 1993-398. Mr. McGhee's stipulation that he received the damages suffices to satisfy the Commissioner's obligations. Moreover, the Code and caselaw firmly establish that amounts received as damages from litigation constitute gross income unless the taxpayer proves that they meet a specific statutory exception. *See* I.R.C. § 61(a); *Commissioner v. Schleier*, 515 U.S. 323, 328 (1995); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429 (1955); *Helvering v. Clifford*, 309 U.S. 331, 334 (1940); *Simpson v. Commissioner*, 141 T.C. 331, 339 (2013), *aff'd*, 668 F. App'x 241 (9th Cir. 2016). Mr. McGhee has not pointed to any exception that would exclude from his gross income the damages he received. And a Memorandum of Law the Commissioner submitted on March 29, 2023, persuasively explains why none applies. We therefore decide this issue in favor of the Commissioner.

With respect to the additions to tax under section 6651(a)(1) and (2), the Commissioner ordinarily would have the burden of production, I.R.C. § 7491(c), and would need to satisfy that burden by producing evidence showing that the additions to tax are appropriate, *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). But we have

---

[3] Mr. McGhee resided in Missouri when he filed his Petition.

**[*3]** explained before that, "[u]nless the taxpayer puts the penalty into play . . . (by assigning error to the Commissioner's penalty determination), the Commissioner need not produce evidence that the penalty is appropriate, since the taxpayer is deemed to have conceded the penalty." *Swain v. Commissioner*, 118 T.C. 358, 363 (2002); *see also* Rule 34(b)(1)(G); *Funk v. Commissioner*, 123 T.C. 213 (2004). Mr. McGhee's Petition does not discuss the additions to tax at all. Thus, the burden of production under section 7491(c) was not triggered, and Mr. McGhee is deemed to be liable for the additions to tax.

In short, the Commissioner prevails on each of the issues remaining for our decision.

To reflect the foregoing,

*Decision will be entered under Rule 155.*