# United States Tax Court

T.C. Memo. 2025-101

CERISSA RENE FORTUNE-PALADINO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 4975-23.                           Filed October 2, 2025.

————

Cerissa Rene Fortune-Paladino, pro se.

*Jamila A. Tucker*, for respondent.

### MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, *Judge*: In 2019 petitioner, Cerissa Rene Fortune-Paladino, received $135,000 from a settlement agreement with her former employer to resolve a lawsuit concerning allegations of sexual harassment and discrimination. Ms. Paladino did not report any of the settlement amount on her tax return for taxable year 2019. Respondent issued a Notice of Deficiency that determined the settlement amount was includible in her 2019 gross income and that she was liable for an income tax deficiency of $28,354, and a section 6662[1] penalty of $5,671. This case followed. After concessions, the only remaining issue is whether the settlement payment is excludable under section 104(a)(2).

————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The Stipulation of Facts and the accompanying Exhibits are incorporated herein by this reference. Ms. Paladino resided in Pennsylvania when she filed her Petition.

From February 6 to July 8, 2014, Ms. Paladino worked as a drug and alcohol addiction counselor at Davis Archway Centers for Addiction Treatment, Inc. (Davis Archway), a privately held halfway house for adult males. While employed at Davis Archway, Ms. Paladino endured repeated sexual harassment from her supervisor, who was the president and sole shareholder of Davis Archway. Ms. Paladino's supervisor regularly made sexually inappropriate comments and sexual propositions to her, both in person and over text message. On one occasion, he provided Ms. Paladino with a "prank" business card with sexually inappropriate references. He also sent text messages to Ms. Paladino asking her out on dates and routinely asked for intimate details about her relationship with her husband while she was at work. Ms. Paladino continually rejected these advances and made clear to her supervisor that she had no interest in an intimate relationship with him. Despite her protests, Ms. Paladino endured this harassment until early June.

In mid-June Ms. Paladino took medical leave to recover from injuries stemming from two car accidents that had occurred earlier in the year. When she returned to work on or about July 8, 2014, she met with her supervisor regarding her absence. During this meeting, her supervisor became irate and fired Ms. Paladino on the spot. Then he followed her back to her desk while yelling obscenities at her in front of the staff and residents of Davis Archway.

On August 27, 2018, Ms. Paladino filed a complaint against Davis Archway in the U.S. District Court for the Western District of Pennsylvania, alleging sex discrimination and retaliation in violation of federal and Pennsylvania state law. In January 2019[2] Ms. Paladino entered into a settlement agreement with Davis Archway to release her claims against the company in exchange for $135,000. Ms. Paladino

---

[2] The Stipulation of Facts contains an undated and unsigned copy of a settlement agreement with the title "General Release" entered into between Ms. Paladino and Davis Archway. The document refers to "January _, 2019," as the signing date but fails to specify a precise day. Neither party objected to the admission of this document at trial, and the Court admitted it into evidence.

**[\*3]** paid $54,000 from the settlement proceeds to her attorneys and retained $81,000.[3]

Ms. Paladino timely filed her 2019 Form 1040, U.S. Individual Income Tax Return. On that return, she reported income from wages but did not report the proceeds of the settlement. On December 5, 2022, respondent sent Ms. Paladino a statutory Notice of Deficiency proposing to include the $135,000 settlement payment in her gross income for 2019.

Ms. Paladino timely petitioned this Court for redetermination on March 6, 2023, and a trial was held on June 9, 2025.

OPINION

I.    *Burden of Proof*

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving the determination is erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In cases involving unreported income, however, the presumption of correctness attaches only if the Commissioner makes a minimal evidentiary showing connecting the taxpayer with the alleged income-producing activity. *Anastasato v. Commissioner*, 794 F.2d 884, 887 (3d Cir. 1986) (citing *Gerardo v. Commissioner*, 552 F.2d 549, 554 (3d Cir. 1977), *aff'g in part, rev'g in part and remanding* T.C. Memo. 1975-341), *vacating and remanding* T.C. Memo. 1985-101; *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019) (citing *Blohm v. Commissioner*, 994 F.2d 1542, 1548–49 (11th Cir. 1993), *aff'g* T.C. Memo. 1991-636). "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous." *Walquist*, 152 T.C. at 67–68. Ms. Paladino admitted at trial that she received $135,000 from the settlement agreement with Davis Archway. Thus, respondent has met his burden. Additionally, Ms. Paladino does not contend that the burden of proof has shifted to respondent under section 7491, and there is no evidence in the record that the requirements of section 7491(a) have been met. *See* § 7491(a)(1)

---

[3] Respondent has conceded (1) the deductibility of $54,000 in attorney's fees paid by Ms. Paladino; (2) a proposed adjustment for distributions from a health savings account of $1,979; and (3) the section 6662 penalty of $5,671.

**[*4]** and (2); Rule 142(a)(1).  In any event, we decide this case on the preponderance of the evidence.

## II.  *Taxability of Settlement Proceeds*

Section 61(a) defines gross income as "all income from whatever source derived."  *Commissioner v. Schleier*, 515 U.S. 323, 327 (1995); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429 (1955).  Proceeds from a settlement agreement constitute gross income unless a provision of the Code expressly excludes them.  *Commissioner v. Schleier*, 515 U.S. at 328.  Section 104(a)(2) excludes from gross income the amount of damages received from a settlement agreement "on account of personal physical injuries or physical sickness."  Emotional distress is not considered a physical injury or physical sickness unless it stems from a physical injury.  § 104(a) (flush language); Treas. Reg. § 1.104-1(c).

When a settlement agreement authorizes the payment of settlement proceeds, the nature of the claim that was the actual basis for the settlement determines whether the settlement amount is excludable under section 104(a)(2).  *United States v. Burke*, 504 U.S. 229, 237 (1992); *Simpson v. Commissioner*, 141 T.C. 331, 339 (2013), *aff'd*, 668 F. App'x 241 (9th Cir. 2016).  The nature of the claim is determined by reference to the terms of the agreement.  *Knuckles v. Commissioner*, 349 F.2d 610, 613 (10th Cir. 1965), *aff'g* T.C. Memo. 1964-33; *Simpson*, 141 T.C. at 340.  The proper inquiry is what the damages were awarded in lieu of.  *Bent v. Commissioner*, 87 T.C. 236, 244 (1986) (first citing *Church v. Commissioner*, 80 T.C. 1104, 1107 (1983); and then citing *Yates Indus., Inc. v. Commissioner*, 58 T.C. 961, 972 (1972), *aff'd*, 480 F.2d 920 (3d Cir. 1973) (unpublished table decision)), *aff'd*, 835 F.2d 67 (3d Cir. 1987).

The language of the settlement agreement provided by Ms. Paladino is unambiguous.  The settlement proceeds were intended to compensate for "alleged emotional distress, anxiety and humiliation," but not for "any physical injury relating to her sexual discrimination/retaliation employment claims."  Paragraph 11 of the agreement, titled "No Injuries Alleged," clearly disclaims any allegations of physical harm.  The rest of the record supports this disclaimer.  Ms. Paladino's complaint alleged "unlawful sexual harassment, discrimination, and retaliation" and requested damages for emotional distress, but it made no mention of any physical injury incurred or manifestation of physical harm arising from emotional

[*5] distress. Nor did Ms. Paladino testify at trial to the contrary. Instead, she testified that (1) she understood that the lawsuit included no claims of physical harm, (2) there was no evidence of any physical harm arising from her claims, and (3) the settled amount was paid for emotional distress.

We are very sympathetic to Ms. Paladino's position. She has suffered appalling indignities at the hands of her supervisor, the emotional scars of which clearly remain. We acknowledge those scars and understand her frustration regarding the law as it relates to the treatment of damages and settlement proceeds. Unfortunately, this is not the first time that the Court has had to address the taxability of settlement proceeds in this type of case, and the law regarding the requirements for exclusion from gross income under section 104(a)(2) is quite clear. *See, e.g.*, *Devine v. Commissioner*, T.C. Memo. 2017-111, at *15. Section 104(a)(2) excludes damages that are intended to compensate for any physical harm or sickness. Ms. Paladino concedes that she did not suffer any physical harm or sickness resulting from the sexual harassment she endured, and her complaint confirms that she did not allege any physical harm or sickness. Accordingly, we conclude that the Commissioner's determination is correct.

We have considered all of the parties' arguments and, to the extent they are not discussed herein, find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*